UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Gary Robinson,

Plaintiff,

v.

Central Portfolio Control,

Defendant.

File No. 26-cv-3281 (ECT/JFD)

**ORDER**

---

This action is before the Court on pro se Plaintiff Gary Robinson's Complaint for a Civil Case. Compl. [ECF No. 1]. For the following reasons, this action will be dismissed *sua sponte* as frivolous.

Robinson commenced this action on July 13, 2026. Compl. The sole Defendant is Central Portfolio Control ("CPC"), a Minnesota-based debt-collection firm. *See id.* at 1–2. That same day, Robinson filed two other lawsuits in this District (one against Absolute Resolutions Corporation, No. 26-cv-3280 (DWF/SGE), another against Jefferson Capital Systems, LLC, No. 26-cv-3282 (JWB/LIB)). The three complaints are indistinguishable apart from the defendants' names, addresses, and contact information.

Everything in the Complaint traces back to a homemade document captioned "Notice of Lien." *See* ECF No. 3. In this notice, Robinson, signing as "Trustee" of the "Gary Robinson Revocable Living Trust," proclaims a $1,000,000 lien in the trust's favor over his own assets, among them the account connected to CPC. *Id.* at 1. He then declares that "no assets or money can be recouped until the lien of $1,000,000.00 is paid in full" to

the trust. *Id.* (capitalization amended). And he warns that if CPC does not respond, or if it keeps reporting his account to credit bureaus, it thereby "opt[s] in to paying" the trust a "$1,000,000.00 lien pay off amount." *Id.* at 1–2.

Robinson has neither paid this action's filing fee nor applied for leave to proceed *in forma pauperis*, so the screening obligations of 28 U.S.C. § 1915(e)(2)(B) have not been triggered. No matter. A federal district court does not need a statute's permission to dismiss a frivolous case at the outset; that authority is inherent, and it does not hinge on the status of the filing fee. *See, e.g.*, *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) [later, the current § 1915(e)] . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Dioh v. Haller*, No. 23-cv-3714 (PJS/LIB), 2023 WL 8877979, at *2 (D. Minn. Dec. 22, 2023) (citing *Mallard*).

An action is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also, e.g.*, *Shaik v. Olmstead*, No. 24-cv-1898 (SRN/DLM), 2024 WL 3313982, at *1 (D. Minn. May 28, 2024) (quoting *Neitzke*). Legal frivolousness describes a claim built on an "indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327; *see also, e.g.*, *Michael Jerome Harvey Tr. v. Ginnie Mae*, No. 25-cv-1073 (ECT/DJF), 2025 WL 1358044, at *2 (D. Minn. Apr. 2, 2025) (quoting *Neitzke*-reliant caselaw). Factual frivolousness, on the other hand, describes allegations that are "fanciful," "fantastic," or "delusional" (i.e., allegations that "rise to the level of the irrational or the wholly incredible"). *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (citations modified); *see also, e.g.*, *Smith v. Target*, No. 26-cv-1745 (ECT/LIB), 2026 WL

1031159, at *2 (D. Minn. Apr. 16, 2026) (citing *Denton*). To be sure, courts must liberally construe a pro se litigant's pleading, *see, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), but that charity cannot generate an arguable basis that the complaint plainly lacks.

The Complaint founders on both prongs. Begin with the law. No one can conjure a million-dollar obligation by drafting a "lien" against his own account, mailing it to a company, and then treating the company's silence as consent to pay. No principle of contract law, trust law, or the law of secured transactions gives a unilateral demand of this kind any binding force, and a recipient's failure to answer "opt[s]" it into nothing. ECF No. 3. The only legal source mentioned in the Complaint is irrelevant. The U.S. Constitution's Contracts Clause restrains the States, not private debt collectors, and it supplies no cause of action against a private company. *See* U.S. Const. art. I, § 10, cl. 1 ("No State shall . . . pass any . . . Law impairing the Obligation of Contracts . . . ."). This Court rejected a similar case only months ago when presented with comparable allegations. *See Smith*, 2026 WL 1031159, at *4. The theory is just as frivolous here.

The Complaint fares no better as a matter of fact. The notion that a company silently bound itself to pay a stranger's personal trust $1,000,000 by leaving a piece of mail unanswered for, at most, a matter of days is precisely the sort of "fanciful" premise that independently supports dismissal. *Denton*, 504 U.S. at 33. Indeed, taken at face value, the pleading's chronology makes the notice argument nonsensical. The notice is dated July 1, 2026—the same day that Robinson signed the Complaint charging CPC with having "completely ignored" that notice. *Compare* ECF No. 3 at 1, *with* Compl. at 5. On that

timeline, CPC stands accused of disregarding a document it could not yet have received, much less reviewed and rebuffed.

Nor does this case stand alone. As noted, Robinson filed three materially identical complaints in this District on a single day, and other plaintiffs have recently filed "notice of unpaid lien" suits cut from the same cloth.[1] The uniformity of these filings points to a circulating template of some sort—possibly promoted to consumers as a way to erase debts or to extract seven-figure payments from the companies that report them. Whatever it is, it is hopelessly flawed, and repetition does not improve it. One of Robinson's companion cases has already been resolved: On July 20, 2026, Judge Frank dismissed No. 26-cv-3280 (DWF/SGE) as frivolous, in a consolidated order that also disposed of a materially identical action brought by a different plaintiff. *See* Consol. Order Dismissing Actions as Frivolous, *Robinson v. Absolute Resolutions Corp.*, No. 26-cv-3280 (D. Minn. July 20, 2026).

Given that broader picture, a word of caution is warranted. One of Mr. Robinson's three identical lawsuits has already been dismissed as frivolous. This order dismisses a second. Federal courts have ample authority to restrict litigants who abuse the judicial process through repeated frivolous filings. *See, e.g.*, *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam); *Mcgraw-Williams v. United States*, No. 26-cv-2419 (ECT/DLM), 2026 WL 1673861, at *1 (D. Minn. May 5, 2026) (citing *Tyler*), *R. & R. adopted*, 2026 WL

---

[1] *See, e.g.*, Complaint, *Knox v. ECMC*, No. 26-cv-3010 (JWB/JFD) (D. Minn. June 18, 2026); Complaint, *Ward v. Best Buy*, No. 26-cv-3222 (DWF/SGE) (D. Minn. July 9, 2026); Complaint, *Ward v. Macy's, Inc.*, No. 26-cv-3223 (NEB/ECW) (D. Minn. July 9, 2026); Complaint, *Cary v. Best Buy Co.*, No. 26-cv-3257 (JWB/DTS) (D. Minn. July 10, 2026).

1673544 (D. Minn. June 9, 2026). So Robinson is warned: If he continues to file frivolous actions, he will be placed on this District's restricted-filer list. At that point he will lose the ability to commence new cases in this District unless he is represented by a lawyer or gets advance filing authorization from one of this District's judicial officers.

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** this action is **DISMISSED WITHOUT PREJUDICE** as frivolous.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 22, 2026

s/ Eric C. Tostrud
Eric C. Tostrud
Chief Judge, United States District Court